IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GILLPATRICK, and NICCOLE WETHERELL, <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTT FRAKES, Director, in their official capacities; DENISE DAVIDSON, Warden, in their official capacities; and ROBERT MADSEN, Warden, in their official capacities; <br><br> Defendants. | **4:18CV3011** <br><br><br> **FINDINGS, RECOMMENTATION, AND ORDER** |

Defendant removed Plaintiffs' complaint to this forum from the Lancaster County District court on January 23, 2018. (Filing No. 1). Plaintiffs moved to remand on February 5, 2018, (Filing No. 6), arguing the removal was untimely and that Defendants failed to file a copy of the process, pleadings, and orders with their removal notice as required under 28 U.S.C. § 1446(a). For the following reasons, the motion to remand should be denied.

STATEMENT OF FACTS

On February 25, 2014, Plaintiffs filed a complaint in the Lancaster County District Court, naming the Nebraska Department of Correctional Services ("DCS"), and Diane Sabatka-Rine, Warden of the Nebraska State Penitentiary ("NSP"), Denise Skrobecki, Warden of the Nebraska Correctional Center for Women ("NCCW"), and Michael L. Kenney, Director of DCS, in their official capacities as Defendants. (Filing No. 6-3). Sabtka-Rine, Skrobecki, and Kenney were served at their respective business addresses. (Filing No. 9-1, at CM/ECF

pp. 3-11). Defendants, Michael Kenney, Denise Skrobecki, and Diana Sabatka-Rine, in their individual capacities only, and DCS, moved to dismiss. (Filing No. 6-4). During the hearing on Defendants' motion to dismiss, Plaintiffs' counsel acknowledged that Kenney, Skrobecki, and Sabatka-Rine were served in their individual capacities, and not their official capacities. (Filing No. 9-1, at CM/ECF pp. 15-16).

With leave of the court, Plaintiffs filed an amended complaint on June 10, 2014. The amended complaint no longer named DCS or any Defendant in his or her official capacities as defendants. Instead, Plaintiff sued Sabatka-Rine, Skrobecki, and Kenney, in their individual capacities. (Filing No. 6-5). Defendants moved to dismiss. (Filing No. 6-7). The motion to dismiss was denied on August 12, 2015. (Filing No. 6-2, at CM/ECF p. 5). An Answer was filed on behalf of Defendants Kenney, Skrobecki, and Sabatka-Rine, in their individual capacities only. (Filing No. 6-6). While the Answer also purportedly responded on behalf of DCS, DCS was no longer a party when the Answer was filed.

Plaintiffs and Defendants filed cross-motions for summary judgment. Defendants' motion was denied; Plaintiffs' motion was granted and judgment was entered in favor of Plaintiffs by the Lancaster County District Court on February 2, 2016. (Filing No. 6-9; 6-10). That judgment was appealed. It was reversed and remanded by the Nebraska Supreme Court, with the opinion entered on September 29, 2017, and its mandate issued on October 23, 2017. (Filing No. 6-11).

Upon remand to the Lancaster County District Court, Plaintiffs filed a Second Amended Complaint on January 2, 2018, seeking injunctive relief only and naming DCS, and Scott Frakes, Director of DCS, Denise Davidson, Warden

of NCCW, and Robert Madsen, Warden of NSP, in their official capacities only, as Defendants. (Filing No. 6-12; 6-13; 6-14). It was served on January 5, 2018. (Filing No. 1-1, at CM/ECF pp. 11-19). Defendants filed a notice for removal, with the Second Amended Complaint and January 5, 2018 service documents attached, on January 23, 2018. (Filing Nos. 1; 1-1; 6-15).


ANALYSIS

28 U.S.C. § 1441(a) allows removal by a defendant of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Defendants were required to file the petition for removal within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446(b). This "thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint, even when the defendant is a later-served defendant and does not receive service until the time limit during which the first-served defendant could have removed the case has expired." Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002).

When this case was initially filed and until its removal to this forum, it was pending in the District Court of Lancaster County, Nebraska. As such, Nebraska law dictated and governed how Defendants were properly served. Under Nebraska law,

> The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General.

Neb. Rev. Stat. § 25-510.02 (1).

Based on the facts of record, Plaintiffs' initial complaint was served on Sabtka-Rine, Skrobecki, and Kenney at their respective business addresses, not by delivery to the Attorney General's Office. As such, the Attorney General's Office entered an appearance and moved to dismiss on behalf of Sabtka-Rine, Skrobecki, and Kenney, in their individual capacities. Plaintiffs responded by filing their First Amended Complaint against Sabtka-Rine, Skrobecki, and Kenney in their individual capacities only. So irrespective of who held the positions during the various stages of Plaintiffs' lawsuit, the Director of DCS, the Warden of NSP, and the Warden of NCCW, in their official capacities only, were never properly served with Plaintiffs' Complaint, and they were neither named nor served with Plaintiffs' First Amended Complaint.

Until January 5, 2018, when the Second Amended Complaint alleging official capacity claims against the DCS director, the NSP warden, and the NCCW warden was served on the Attorney General's Office, these official capacity defendants were not "served with the complaint." Brown, 284 F.3d at 873. Since the 30-day time limit for removal does not begin until service is effectuated, the removal deadline for the official capacity defendants was 30 days after January 5, 2018; that is, February 4, 2018.[1]

Plaintiffs argue DCS entered an appearance in the state action in 2014 when it filed an Answer in response to Plaintiffs' Amended Complaint. Plaintiffs argue this voluntary appearance prompts the start of the 30-day deadline for removal by DCS and its employees in their official capacities. The court disagrees.

---

[1] From the outset, this action could have been removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. As such, the one-year removal deadline for removing diversity actions is not applicable to Plaintiffs' lawsuit. 28 U.S.C. § 1446(c); Brown, 284 F.3d at 873.

While DCS was served with the initial complaint, it was no longer a named defendant when Plaintiffs filed an Amended Complaint. The Answer to the Amended Complaint was filed on behalf of Sabatka-Rine, Skrobecki, and Kenney, in their individual capacities, and DCS. But even if this Answer is deemed a voluntary appearance on behalf of DCS, (see, Filing No. 11, at CM/ECF p. 2), that Answer cannot and did not effectively add DCS as a named defendant.

More importantly, an entry of appearance by DCS is not deemed an entry of appearance by the DCS officers and employees sued in their official capacities. "[W]here a state officer is sued in his official capacity, the state has a major interest in the outcome," but the officer remains the actual and separate party to the action. Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 29 (1st Cir. 1988). It is essential that the officer sued in his or her official capacity "receive service of process as an individual because he or she is bound by the judgment and can be held in contempt for disobeying a court order." Service on States, Municipal Corporations, and Other Governmental Organizations—In General, 4B Fed. Prac. & Proc. Civ. § 1109 (4th ed.). And "service upon the state, rather than upon the officer, will not always ensure the giving of adequate notice to the latter that an action in court is pending against him." Echevarria-Gonzalez, 849 F.2d at 29.

In the end, after thoroughly reviewing the history of this case from its inception in the District Court of Lancaster County, Nebraska, the undersigned magistrate judge finds the DCS director, NSP Warden, and NCCW Warden, in their official capacities, were never served as Defendants in this action until January 5, 2018. A notice of removal was filed on January 23, 2018, within 30 days following service the official capacity defendants. That notice included "a

copy of all process, pleadings, and orders served upon" the removing defendants—the DCS director, NSP Warden, and NCCW Warden, in their official capacities. The notice of removal was timely filed and complied with the requirements of 18 U.S.C. § 1446 (a) and (b).

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Robert F. Rossiter, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by the plaintiffs, (Filing No. 6), be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1)    Plaintiffs' brief in response to Defendants' motion to consolidate (Filing No. 2) shall be filed on or before March 8, 2018, with any reply filed on or before March 15, 2018.

2)    The parties shall review the undersigned magistrate judge's practices posted at Civil Case Management Practices.

3)    Counsel for the parties shall confer and, on or before March 30, 2018, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms in Word and WordPerfect format.

4)    If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before March 23, 2018 a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

5)    Mandatory disclosures shall be served by April 6, 2018.

February 26, 2018

BY THE COURT:

_s/ Cheryl R. Zwart_
United States Magistrate Judge