IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GILLPATRICK and NICCOLE WETHERELL,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT FRAKES, Director, in his official capacity; DENISE DAVIDSON, Warden, in her official capacity; and ROBERT MADSEN, Warden, in his official capacity,<br><br>Defendants. | 4:18CV3011<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 12) of the magistrate judge[1] recommending the Court deny Paul Gillpatrick ("Gillpatrick") and Niccole Wetherell's ("Wetherell" and collectively, "plaintiffs") Motion to Remand (Filing No. 6). The plaintiffs have objected (Filing No. 15) to the Findings and Recommendation. For the reasons stated below, the Findings and Recommendation is accepted, and the Motion to Remand is denied.

**I.    BACKGROUND**

Gillpatrick is currently incarcerated at the Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska, and Wetherell is incarcerated at the Nebraska Correctional Center for Women ("NCCW") in York, Nebraska. The plaintiffs are over the age of eighteen, not related, and engaged to be married. The plaintiffs allege Scott Frakes ("Frakes"), in his official capacity as Director of the Nebraska Department of Correctional Services ("NDCS"), Denise Davidson ("Davidson"), in her official capacity as Warden of the NCCW, and Robert Madsen ("Madsen" and collectively, "defendants"), in his official capacity as Warden of the NSP, are preventing them from marrying.

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

### A. Application for Marriage

At an unspecified point in time, each plaintiff submitted a Marriage Intention Form at their respective prisons. Diane Sabataka-Rine ("Sabatka-Rine"), the former Warden of the NSP, denied Gillpatrick's application, and Davidson, whose name at the time was Denise Skrobecki ("Skrobecki"), denied Wetherell's application.

On August 12, 2012, Wetherell filed a grievance through the NDCS administrative process objecting to the denial of her application. The NDCS denied her grievance on September 14, 2012. On April 15, 2013, then-NDCS Director Robert Houston ("Houston") stated that "legal and security concerns prohibit the NDCS from facilitating a marriage ceremony for inmates Gillpatrick and Wetherell."

On July 26, 2013, Gillpatrick filed a grievance objecting to the denial of his application, and the NDCS denied that grievance as well. On December 30, 2013, the plaintiffs informed then-NDCS Director Michael L. Kenney ("Kenney"), Houston's replacement, that prison administrators had twice denied their requests to marry. On January 14, 2014, Kenney refused to allow the marriage.

### B. Original Complaint

On February 25, 2014, the plaintiffs filed a complaint in the District Court of Lancaster County, Nebraska ("state court"), against the NDCS, Sabatka-Rine, Skrobecki, and Kenney. The plaintiffs asserted a violation of their constitutional right to marry and sought a declaratory judgment and injunction allowing them to marry. The plaintiffs named the individual defendants in their official capacity but served them in their personal capacity. The individuals and the NDCS moved to dismiss, and the state court granted the motion and dismissed the complaint on May 20, 2014. The state court gave the plaintiffs twenty-one days to file an amended complaint.

### C. Amended Complaint

On June 10, 2014, the plaintiffs filed an amended complaint naming Sabatka-Rine, Skrobecki, and Kenney as defendants, each in their personal capacity. On July 9, 2014,

the Nebraska Attorney General ("AG") filed an answer on behalf of the three individuals as well as the NDCS, even though the NDCS was not named as a party. The AG made filings in the case, purportedly to be on behalf of the NDCS and the individuals in their personal capacities.

On October 1, 2015, the plaintiffs moved for summary judgment, which the state court granted on February 2, 2016. On September 29, 2017, the Nebraska Supreme Court reversed and remanded, ruling the individual defendants should have each been named in their official capacity. The Nebraska Supreme Court issued its mandate on October 23, 2017. On December 6, 2017, the plaintiffs moved for leave to amend their amended complaint. On December 19, 2017, the state court granted leave to amend.

### D. Second Amended Complaint

On January 2, 2018, the plaintiffs filed their second amended complaint in state court naming the defendants as Frakes, Davidson, and Madsen in their official capacities. On January 23, 2018, the defendants removed (Filing No. 1) the second amended complaint to this Court, attaching only the second amended complaint and associated process (Filing No. 1-1).

### E. Findings and Recommendation

On February 5, 2018, the plaintiffs moved to remand (Filing No. 6) the action to state court. The plaintiffs asserted the removal was untimely because it occurred either more than thirty days after the filing of the original complaint on February 25, 2014, or more than thirty days after the filing of the plaintiffs' motion for leave to amend on December 6, 2017. *See* 28 U.S.C. § 1446(b)(1) and (3). The plaintiffs also argued the defendants failed to attach copies of all the required process, pleadings, and orders. *See id*. § 1446(a).

The magistrate judge found the original complaint was never properly served on the Director of the NDCS, the Warden of the NSP, and the Warden of the NCCW in their official capacities. Therefore, removal on January 23, 2018 was timely because the first

time those officials were served in their official capacities was January 5, 2018. The magistrate judge deemed the AG's filings on behalf of the NDCS to be irrelevant because the NDCS was not a party to the case after the filing of the amended complaint. Finally, the magistrate judge found the defendants attached all the required materials to the notice of removal because they were only required to attach the process, pleadings, and orders that were actually served upon them, which was only the second amended complaint. The magistrate judge recommends the Court deny the Motion to Remand.

The plaintiffs filed twelve objections to the Findings and Recommendation. The plaintiffs take issue with the magistrate judge's conclusions that (1) removal was timely and (2) the defendants attached everything required by the removal statutes.

## II. DISCUSSION
### A. Standard of Review

The plaintiffs' objections to the magistrate judge's Findings and Recommendation are governed by 28 U.S.C. § 636(b)(1). Under that section, the Court must "make a de novo determination of those portions of the findings and recommendation[] to which" the defendants have objected. *Id*. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also* Fed. R. Civ. P. 72(b).

### B. No Presumption in Favor of Remand

Plaintiffs argue there is a presumption in favor of remand and insist the magistrate judge erred when she "interpreted ambiguity to reach an inappropriate recommendation against remand" and applied a presumption against remand. The defendants have not responded to this claim.

"Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The

4

removal statute should be narrowly construed, but the law falls short of creating a "presumption" in favor of remand. Either way, the magistrate judge neither applied a presumption against remand nor interpreted any ambiguity in favor of the defendants. This Court will strictly construe the removal statute, 28 U.S.C. § 1446, in accordance with Eighth Circuit precedent.

      C.      **Timeliness of the Removal**

The removal statute requires a defendant to file a notice of removal within thirty days of either (1) the defendant's receipt of the complaint through service or otherwise or (2) "the service of summons upon the defendant if [the complaint] has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446.

      1.      **Effect of the Original Complaint**

The original complaint named the NDCS and Sabatka-Rine, Skrobecki, and Kenney in their official capacities as defendants. The individuals were served by certified mail at their home addresses. *See* Fed. R. Civ. P. 4(e)(1); Neb. Rev. Stat. § 25-508.01(1). However, service on public employees in their official capacities must be conducted "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2); *see Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003); *Kosiski v. Frakes*, No. 8:16CV345, 2017 WL 401826, at *5 (D. Neb. Jan. 30, 2017).

Under Nebraska law, state agencies and state employees sued in their "official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1). Because the plaintiffs failed to follow this procedure, the official-capacity defendants in the original complaint

were never properly served.  *See Brown v. HHS*, 8:16CV377, 2017 WL 1533386, at *1-2 (D. Neb. April 26, 2017).

The defendants argue that the plaintiffs voluntarily dismissed the original defendants and filed an amended complaint, resulting in the creation of an entirely new action.  The plaintiffs contend the current action is the same as the action begun by the filing of the original complaint, making the removal untimely.  The defendants' claim that the plaintiffs voluntarily dismissed the original defendants is inconsistent with the docket sheet from the state court (Filing No. 6-2) showing the defendants filed a motion to dismiss on April 10, 2014, and the motion to dismiss was sustained on May 20, 2014.  However, the plaintiffs' timing argument also fails because the original defendants were never properly served.

Even if the present action is the same as the action begun with the filing of the original complaint, "the thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint, even when the defendant is a later-served defendant and does not receive service until the time limit during which the first-served defendant could have removed the case has expired." *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," and, in its absence, "a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999).  Because § 1446(b)(1) requires service to start the thirty-day clock, the filing of the original complaint had no impact on the time given to the present defendants for removal.

### 2. Effect of the Amended Complaint

The amended complaint named only Sabatka-Rine, Skrobecki, and Kenney in their personal capacities.  The AG filed an answer on behalf of the individual defendants as well as the NDCS, even though the NDCS was not named as a party.  After the state

court eventually granted summary judgment in favor of the plaintiffs, the Nebraska Supreme Court ruled the individual defendants should have been sued in their official capacities and remanded the case.

The plaintiffs object to the magistrate judge's determination that the NDCS was not a party following the amended complaint because it was not named in the amended complaint, even though the AG made multiple filings listing the NDCS as a party. This objection is immaterial because, even if the NDCS was a party at that stage of the litigation, it is no longer a party now. Additionally, as stated earlier, a later-served defendant may remove a case even if it would be untimely for an earlier-served defendant to do so. *Brown*, 284 F.3d at 873; *accord Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017). In other words, the expiration of the thirty-day deadline as to one defendant is not imputed to the others.[2]

The plaintiffs also object to the magistrate judge ignoring "the proposition that an official capacity suit is a fiction so that suit against the officers employed to do the state's work, if limited to prospective relief and if raising a federal constitutional claim may proceed." In support, the plaintiffs cite *Brandon v. Holt* for the idea that "[t]he course of proceedings" is used to determine the nature of liability in cases where the complaint does not clearly specify whether officials are being sued in their official or personal capacity. 469 U.S. 464, 469 (1985). The plaintiffs' argument is difficult to follow, but it fails to the extent the plaintiffs are suggesting that the second amended complaint gave notice to Sabatka-Rine, Skrobecki, and Kenney in their official capacity.

First, the amended complaint was not ambiguous as to whether the officials were being sued in their official or personal capacity, because it clearly states that each

---

[2]The plaintiffs object to the magistrate judge's consideration of *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24 (1st Cir. 1988). Yet the plaintiffs apparently misunderstand the magistrate judge's use of the case, arguing that the motion to amend triggered the thirty-day removal window. The magistrate judge actually used the case to explain that the NDCS's entry into the case after the amended complaint did not absolve the plaintiffs of their requirement to serve the NDCS officials in their official capacities.

defendant "is sued individually."  Second, although official capacity suits may be a legal fiction, they are a legal fiction with meaning.  "Acts performed by the same person in two different capacities 'are generally treated as the transactions of two different legal personages.'"  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (quoting F. James & G. Hazard, Civil Procedure § 11.6, p. 594 (3d ed. 1985)).  Because an individual acting in his personal capacity is a different legal person than one acting in his official capacity, suits against one do not affect the time the other has to remove a lawsuit.

### 3. Effect of the Motion to Amend

On December 6, 2017, the plaintiffs filed a motion for leave to amend "explicitly describing the proposed amendment as substituting the same named office holders but in their official capacity."  The motion also stated the "plaintiffs anticipate that they will seek to substitute successors in office for each of the named plaintiffs."

The plaintiffs insist that, even if the thirty-day removal clock had not started running due to the filing of the complaint and the amended complaint, the filing of their motion for leave to amend triggered the running of the clock.  In support, the plaintiffs cite 28 U.S.C. § 1446(b)(3)'s provision that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of [a] . . . motion . . . from which it may first be ascertained that the case is . . . removable."

The plaintiffs' argument is deficient for three reasons.  First, "the case stated by the initial pleading" was removable, so § 1446(b)(3) does not apply.  Second, § 1446(b)(3)'s removal provision is permissive, not restrictive.  Unlike § 1446(b)(1), which states the "notice of removal shall be filed within 30 days," § 1446(b)(3) states "a notice of removal may be filed within 30 days."  In other words, (b)(3) extends the normal deadline created by (b)(1).  Because the time-bar created by (b)(1) does not apply, (b)(3), which only extends time, cannot be used to restrict it.  Finally, the current

defendants did not actually receive the motion, through service or otherwise, because they were not yet parties to the case.

The plaintiffs maintain the magistrate judge erred when she did not "cite to or address the impact of the law of the case effect of the state trial judge's order" allowing the plaintiffs to file their second amended complaint. It is unclear what the "law of the case effect" would be. The plaintiffs do not elaborate. The defendants are not attempting to dismiss the second amended complaint for failure to obtain leave to amend. The plaintiffs also find meaning in the Nebraska Supreme Court's decision to remand, allowing the plaintiffs to change the defendants. However, the actions of the Nebraska Supreme Court and the state court only show the plaintiffs had originally served the wrong defendants and were given a chance to rectify their mistake. That has no impact on timing under § 1446(b)(3).

### D. Necessary Attachments

The plaintiffs next object to the magistrate judge's finding that the defendants attached "a copy of all process, pleadings, and orders served upon" the defendants as required by § 1446(a). The magistrate judge found that the only "process, pleadings, or order served upon" the defendants was the Second Amended complaint, which the defendants attached (Filing No. 1-1) to their notice of removal. The plaintiffs argue the magistrate judge "narrowly interpreted § 1446 (a) and (b) by focusing on the phrase 'served upon[.]'" Apparently, the plaintiffs wish the magistrate judge would have ignored inconvenient portions of the United States Code, but the magistrate judge did not err when she applied the law to the facts of the case. The statute specifically states the defendants are only required to provide items actually served upon them, and those items

consisted only of the second amended complaint and associated process. The defendants provided all the required material.[3]

### III. CONCLUSION

The thirty-day clock for removal began running when the officeholders of the Director of the NDCS, the Warden of the NCCW, and the Warden of the NSP were served in their official capacity with the complaint or summons. 28 U.S.C. § 1446(b)(1). The officeholders were not served in their official capacity under the original complaint or the amended complaint because those individual defendants were served in their personal capacities. The motion for leave to amend did not begin the thirty-day clock because § 1446(b)(3) does not apply. The clock only began to run when the plaintiffs filed the second amended complaint and served the defendants on January 2, 2018. Because the defendants filed the notice of removal within the thirty-day window, on January 23, 2018, the removal was timely. The defendants attached all the materials required by § 1446(a). Accordingly,

IT IS ORDERED:
1. The plaintiffs' Statement of Objections to Magistrate Judge's Findings, Recommendation and Order (Filing No. 15) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 12) is accepted.
3. The plaintiffs' Motion to Remand (Filing No. 6) is denied.

Dated this 17th day of April, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[3] The plaintiffs also argue the alleged violation of § 1446(a) requires remand. The magistrate judge disagreed, and the plaintiffs objected to that conclusion. Because there was no violation, it is not necessary to address that objection.