IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GILLPATRICK and NICCOLE WETHERELL,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT FRAKES, Director, in his official capacity; MICHELE CAPPS, Warden, in her official capacity; and ANGELA FOLTS-OBERLE, Acting Warden, in her official capacity,<br><br>Defendants. | 4:18CV3011<br><br>MEMORANDUM AND ORDER |

Numerous post-judgment motions are now before the Court, including (1) plaintiffs Paul Gillpatrick and Niccole Wetherell's (collectively, "plaintiffs") Motion to Reconsider under Federal Rule of Civil Procedure 60(a) or 59(e) (Filing No. 58), (2) the plaintiffs' Motion to Make Additional Findings under Federal Rule of Civil Procedure 52(b) (Filing No. 63), (3) defendants Scott Frakes, Michele Capps, and Angela Folt-Oberle's (collectively, "defendants") Unopposed Motion for Stay of Judgment Pending Appeal (Filing No. 65), and (4) the defendants' Unopposed Motion for Order that Plaintiffs' Motion for Attorney Fees and Costs Has Same Effect under Federal Rule of Appellate Procedure 4(a)(4) as a Timely Motion Under Federal Rule of Civil Procedure 59 (Filing No. 66). The plaintiffs have also moved for attorney fees (Filing No. 60), which the Court does not consider here.

I.  **BACKGROUND**

On June 7, 2019, this Court entered (Filing Nos. 56 and 57) a Memorandum and Order ("Memorandum and Order") and accompanying judgment ("judgment"). Relevant to the present Memorandum and Order, the Court (1) declared Nebraska Department of Correctional Services Policy Number 205.04 facially invalid, (2) permanently enjoined the

defendants and their successors and designees from denying the plaintiffs' request to participate in an electronic wedding ceremony ("e-wedding ceremony"), and (3) permanently enjoined the defendants and their successors and designees from relying on past denials of the plaintiffs' marriage-intention forms and administrative-grievance forms to deny their request to participate in an e-wedding ceremony.

## II. DISCUSSION

### A. The Plaintiffs' Motions

Taking the plaintiffs' motions first, the Court finds those motions should be denied. In short, the plaintiffs have asked the Court for additional "explicit findings" in its Memorandum and Order they believe are required under the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(1)(A). The plaintiffs seek no substantive changes to the Memorandum and Order, only requesting express findings using the "functional language" of the PLRA.

The plaintiffs' requested findings are unnecessary. Under the PLRA, the Court must not grant prospective relief unless it finds "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court is required to afford "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.* The Court did not parrot the PLRA's precise language in fashioning the relief in this case, but the relief ordered fully comports with the PLRA's specific requirements.

The Court carefully balanced these particular plaintiffs' fundamental right to marry against any adverse impact that ordering the defendants to allow the plaintiffs' e-wedding ceremony could result. *See Native Am. Council of Tribes v. Weber*, 750 F.3d 742, 754 (8th Cir. 2014). Under the circumstances in this case, the Court found it necessary to permanently enjoin the defendants and their successors and designees from denying the plaintiffs' request to participate in an e-wedding ceremony because an e-wedding

2

ceremony is the only possible means for the plaintiffs to attempt to solemnize their marriage. The Court made clear its relief is narrow and extends no further than necessary by limiting it exclusively to these plaintiffs on the specific circumstances in this case. The Court also limited its relief by expressing no opinion on the unsettled question of whether the plaintiffs' e-wedding ceremony ultimately is valid under Nebraska law.

Furthermore, this relief is the least-intrusive means for the plaintiffs to exercise their asserted right to marry. Again, the decision applies only to these plaintiffs. And the Court did not dictate the means the defendants must use to facilitate the plaintiffs' e-wedding ceremony, leaving that to the defendants' discretion. Finally, unlike transporting the plaintiffs for a traditional ceremony, the defendants agree an e-wedding ceremony poses no threat to security, order, or resources at NDCS and have identified no material harm in facilitating these plaintiffs' e-wedding ceremony.[1] The relief does not threaten to cause a significant adverse impact on public safety or the operation of a criminal-justice system.[2]

The Court concludes its Memorandum and Order fully complies with the PLRA and the PLRA does not command the Court to use any magic words (or functional language) as the plaintiffs suggest. Accordingly, the plaintiffs' motions are denied.

### B. The Defendants' Motions

Next, the Court will consider the defendants' unopposed motions. First, the defendants request the Court to stay the judgment pending their appeal to the Eighth Circuit. *See generally* Fed. R. Civ. P. 62. Second, the defendants ask the Court to extend

---

[1] The injunction barring the defendants from relying on past denials of the plaintiffs' marriage-intention forms and administrative grievance forms merely prevents the defendants from denying the plaintiffs' e-wedding ceremony on procedural grounds and complies with the PLRA for the same reasons stated here.

[2] The Court's declaration that Policy 205.04 is facially unconstitutional similarly satisfies the PLRA. The declaration (1) is necessary because Policy 205.04 mirrors the regulation the Supreme Court deemed invalid in *Turner*, 482 U.S. at 95-97, (2) is narrow and least intrusive as the Court has not usurped the defendants' authority or discretion to implement other facially valid inmate-marriage policies, and (3) presents no material threats to NDCS institutions or the public as the policy is an exaggerated response to unexplained concerns of inmate coercion and health.

their time to appeal based on the plaintiffs' pending motion for attorney fees. *See* Fed. R. Civ. P. 58(e) ("[T]he Court may . . . order that the [attorney fees] motion have the same effect under Rule 4(a)(4) as a timely motion under Rule 59"). Given that the plaintiffs do not contest either motion, the Court grants them. The judgment is stayed pending appeal, and the defendants' time to appeal will run from the entry of the Court's order on attorney fees.

Based on the foregoing,

IT IS ORDERED:

1. Plaintiffs Paul Gillpatrick and Niccole Wetherell's Motion to Reconsider under Federal Rule of Civil Procedure 60(a) or 59(e) (Filing No. 58) and Motion to Make Additional Findings under Federal Rule of Civil Procedure 52(b) (Filing No. 63) are denied.
2. Defendants Scott Frakes, Michele Capps, and Angela Folts-Oberle's Unopposed Motion for Stay of Judgment Pending Appeal (Filing No. 65) is granted.
3. The judgment (Filing No. 57) entered June 7, 2019, is stayed pending appeal to the Eighth Circuit.
4. Defendants' Unopposed Motion for Order that Plaintiffs' Motion for Attorney Fees and Costs Has Same Effect under Federal Rule of Appellate Procedure 4(a)(4) as a Timely Motion Under Federal Rule of Civil Procedure 59 (Filing No. 66) is granted.
5. Defendants must file any notice of appeal within 30 days of the Court's order disposing of plaintiffs' Request for Attorney Fees (Filing No. 60).

Dated this 2nd day of July 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge