IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GILLPATRICK and NICCOLE WETHERELL,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT FRAKES, Director, in his official capacity; MICHELE CAPPS, Warden, in her official capacity; and ANGELA FOLTS-OBERLE, Acting Warden, in her official capacity,<br><br>Defendants. | 4:18CV3011<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on plaintiffs Paul Gillpatrick ("Gillpatrick") and Niccole Wetherell's ("Wetherell" and collectively, "plaintiffs") Request for Attorney Fees and Request for Taxable Costs (Filing No. 60) against defendants Scott Frakes, in his official capacity as Director of Nebraska Department of Correctional Services ("NDCS"), Michele Capps ("Capps"), in her official capacity as Warden of Nebraska State Penitentiary ("NSP"), and Angela Folts-Oberle ("Folts-Oberle" and collectively, "defendants"), in her official capacity as Acting Warden of Nebraska Correctional Center for Women ("NCCW"). For the reasons stated below, the motion is granted in part and denied in part.

I.  **BACKGROUND**

The plaintiffs are state prisoners serving lengthy sentences in separate NDCS facilities. Since 2012, the plaintiffs have made requests at their respective facilities to marry. NDCS staff repeatedly rejected those requests, in part because neither Gillpatrick nor Wetherell can be transported to another NDCS facility for a marriage ceremony out of security concerns. The plaintiffs exhausted their available NDCS procedures to obtain

1

permission to marry and moved to the courts. The plaintiffs' legal battle has two chapters: (1) the state chapter and (2) the federal chapter.

The state chapter began on February 25, 2014, when the plaintiffs sued NDCS, Diana Sabatka-Rine ("Sabatka-Rine," then-Warden of NSP), Denise Skrobecki ("Skrobecki," then-Warden of NCCW), and Michael Kenney ("Kenney," then-Director of NDCS) in the District Court of Lancaster County, Nebraska ("state court"), seeking declaratory and injunctive relief based on their constitutional right to marry. On June 10, 2014, the plaintiffs filed an amended complaint naming only Sabatka-Rine, Skrobecki, and Kenney in their individual capacities ("state defendants").

In state court, the plaintiffs requested an electronic wedding ceremony ("e-wedding ceremony") using Skype (an electronic-communication application) or similar videoconferencing technology. The state defendants resisted that request based on their understanding that Nebraska law strictly mandates actual physical presence of wedding participants. *See* Neb. Rev. Stat. § 42-109. On the plaintiffs' motion, the state court granted summary judgment in the plaintiffs' favor on February 2, 2016. *See Gillpatrick v. Neb. Dep't of Corr. Servs.*, Case CI14-669 (Neb. Dist. Ct. Feb. 2, 2016).

The state defendants appealed that decision, however, and on September 29, 2017, the Nebraska Supreme Court reversed and remanded on procedural grounds, with instructions to vacate. *See Gillpatrick v. Sabatka-Rine*, 902 N.W.2d 115, 119 (Neb. 2017). On January 2, 2018, the plaintiffs again amended their complaint, naming Skrobecki, Robert Madsen (then-Warden of NSP), and Frakes in their official capacities.

On January 23, 2018, the federal chapter of the plaintiffs' legal battle began when the case was removed (Filing No. 1) to this Court. *See* 28 U.S.C. §§ 1331 and 1441(a). In this Court, the plaintiffs again sought an order requiring the defendants to allow them to participate in an e-wedding ceremony.

The plaintiffs and the defendants both moved for summary judgment (Filing Nos. 51 and 48, respectively). In a Memorandum and Order (Filing No. 56) and accompanying judgment (Filing No. 57), dated June 7, 2019, the Court granted in part and denied in part both motions. Relevant to the present motion, the Court permanently enjoined the defendants and their successors and designees from denying the plaintiffs' request to participate in an e-wedding ceremony, awarded the plaintiffs taxable costs against the defendants, and directed the plaintiffs to submit a request for attorney fees.

On June 21, 2019, the plaintiffs filed the present motion seeking $116,742.50 in attorney fees and $2,749.43 in "taxable costs." The defendants responded (Filing No. 69) by conditionally stipulating[1] to the reasonableness of the plaintiffs' request for attorney fees incurred during the federal chapter of the plaintiffs' legal battle. The defendants, however, resist any fee award for the "unsuccessful work" in state court.

## II. DISCUSSION
### A. Legal Standard

Under 42 U.S.C. § 1988, the Court may award reasonable attorney fees to a prevailing party in an action under 42 U.S.C. § 1983. *See also* Fed. R. Civ. P. 54(d); NECivR 54.3. A plaintiff is a prevailing party "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013) (quoting *Advantage Media, LLC v. City of Hopkins*, 511 F.3d 833, 836 (8th Cir. 2008)).

The Prison Litigation Reform Act ("PLRA") limits the recovery of attorney fees in actions brought by prisoners "confined to any jail, prison or other correctional facility."

---

[1]The defendants condition their stipulation on the plaintiffs prevailing on the defendants' forthcoming appeal. The defendants also request the Court stay its determination on the plaintiffs' requests until after the defendants' appeal. That request is denied, but as with the June 7, 2019, judgment, the Court will stay the effect of this decision and judgment pending appeal.

42 U.S.C. § 1997e(d)(1). Relevant here, the PLRA (1) only allows attorney fees "directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by [§ 1983]," 42 U.S.C. § 1997e(d)(1)(A), and (2) limits the hourly rate for the fee award to 150 percent of the hourly rate for appointed counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, *see* 42 U.S.C. § 1997e(d)(3).

The Court uses the lodestar method to calculate reasonable attorney fees. *See Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018). Under that method, the Court "multiplies the number of hours reasonably expended by reasonable hourly rates," *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019), or, as in this case, the applicable statutory rate. While no precise rule or formula exists, the Court must "provide a concise but clear explanation of its reasons for the fee award." *Brewington*, 902 F.3d at 805 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014) (quoting *Hensley*, 461 U.S. at 433).

### B.    Attorney Fees Request

In this case, the plaintiffs received their requested relief of an order requiring the defendants to allow the plaintiffs to participate in an e-wedding ceremony. Thus, it is clear (1) the plaintiffs prevailed in the federal litigation and are eligible for attorney fees under § 1988(b) and § 1997e(d) and (2) the PLRA sets the hourly rate at 150 percent of the applicable CJA rate.[2]

The plaintiffs believe they are entitled to attorney fees incurred during both the state and federal litigation. The defendants, however, argue the plaintiffs are only entitled attorney fees for this federal litigation. In the defendants' view, the Court should

---

[2] The CJA rate was (1) $132 from May 5, 2017, through March 22, 2018, (2) $140 from March 23, 2018, through February 14, 2019, and (3) $148 from February 15, 2019, through present. *See* United States Court of Appeals for the Eighth Circuit, CJA Information, available at https://www.ca8.uscourts.gov/cja-information.

not award attorney fees based on the state litigation because (1) the plaintiffs did not prevail in state court and (2) the defendants were not parties in state court. The defendants' arguments are compelling.

The Court finds the plaintiffs are only entitled to attorney fees incurred during the federal chapter of their legal battle, that is, for reasonable hours expended from October 25, 2017, onward.[3]

First, the defendants correctly note the plaintiffs did not prevail in state court. Although the state court initially granted summary judgment in the plaintiffs' favor, the Nebraska Supreme Court reversed and remanded that decision with instructions to vacate. *See Gillpatrick*, 902 N.W.2d at 130. In other words, the Nebraska Supreme Court reversed the plaintiffs' first "win." "A plaintiff cannot qualify as a prevailing party if the only basis for his claim of success on the merits is a judgment that has been reversed on appeal." *Pottgen v. Mo. State High Sch. Activities Ass'n*, 103 F.3d 720, 723-24 (8th Cir. 1997).

Second, the plaintiffs' state action did not involve the same defendants as those in this federal action. In state court the plaintiffs sued Kenney, Sabatka-Rine, and Skrobecki in their *individual* capacities—an error which resulted in the Nebraska Supreme Court reversing the plaintiffs' "win." *See Gillpatrick*, 902 N.W.2d at 130 ("[W]e agree with the courts that have held injunctive relief cannot be obtained in a § 1983 action against state officials who were sued in their individual capacities."). In the present case, the plaintiffs sued Frakes, Capps, and Folts-Oberle (who hold the positions previously held by Kenney, Sabatka-Rine, and Skrobecki) in their *official*

---

[3]The plaintiffs suggest if the Court does not award them attorney fees for their state litigation, then the Court should award attorney fees from September 29, 2017, onward, that is, the date that the Nebraska Supreme Court issued its opinion against the plaintiffs. *See Gillpatrick*, 902 N.W.2d 115 (Neb. 2017). That argument misses the point. The plaintiffs' attorneys did not begin working on the amended pleading that became the basis for this federal action until October 25, 2017.

capacities.  The Court will not charge attorney fees against these defendants for work done by the plaintiffs' attorneys against *different* defendants.  *See Advantage Media*, 511 F.3d at 836 (finding a plaintiff prevails when "actual relief on the merits of his claim materially alters the relationship between the parties" (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992))).  Accordingly, the Court will only award attorney fees for reasonable hours expended by the plaintiffs' attorneys in this federal action.

Taking the hours submitted by plaintiff attorney Amy Miller ("Miller") first, Miller reports (Filing No. 60-3) a total of 102.6 hours from September 26, 2012, to June 47112, 2019.  Deducting 64.4 hours for her work in state court (September 26, 2012 to September 29, 2017), the Court finds Miller's remaining 38.2 hours are reasonable and should be multiplied by the applicable CJA rate to determine the appropriate fee award, as reflected in the table below.

Next considering plaintiff attorney Michael Gooch's ("Gooch") hours, Gooch recorded (Filing No. 60-6) a total of 471 hours.  The Court has subtracted 136.2 hours for Gooch's state-court work (November 29, 2012, to September 29, 2017), which leaves 334.8 hours of work by Gooch in this federal litigation.  The Court finds 26.3 of those hours unreasonable.  Specifically, the Court has subtracted 20.8 hours for inefficient, repetitive, or unnecessary work and research.  For example, the Court deducted three hours where Gooch collectively reported 9.8 hours of work on November 20, 2017, and November 22, 2017, for overlapping work on "substitution issues."  As another example, the Court deducted two hours where Gooch recorded six hours researching eight cases on November 25, 2017.  The Court also subtracted 5.5 hours for inefficient or duplicate work for Gooch preparing his "bill" and "fee request" on June 18, 2019, and June 21, 2019.

Having determined Gooch reasonably expended 308.5 hours of work during this federal litigation, the Court has multiplied those hours by the applicable CJA rate, also as reflected in the table below.

6

### C. Costs Request

In addition to their attorney-fees request, the plaintiffs also "request[] this Court to award $2,749.43 as taxable costs." Of those costs, $857.13 were incurred during the state action and must be subtracted, leaving a total of $1,892.30 in costs for this federal action.

The Court already awarded the plaintiffs taxable costs in its June 7, 2019, Memorandum and Order and judgment. *See* 28 U.S.C. § 1920, NECivR 54.1. To recover taxable costs, a party "must file within 30 days after entry of judgment a verified bill of costs." NECivR 54.1(b). "Post-trial motions do not extend the time for filing a verified bill of costs," *id.*, and "failing to file a bill of costs within the time allowed waives taxable costs," NECivR 54.1(d).

Miller reports $26.80 for "Summons by mail cost" and $1,363.85 for "Deposition cost 2019." Those costs are taxable and must be recovered by the procedure in NECivR 54.1, *see* 28 U.S.C. § 1920(1) and (2), which the Court directed the plaintiffs to in its June 7, 2019, Memorandum and Order. The plaintiffs' request for those costs here is denied.[4]

The remaining costs are $34.00 reported by Miller for "Marriage license fee 2019" and $467.65 in travel expenses submitted (Filing No. 60-5) by Gooch. Although neither cost is taxable, *see* 28 U.S.C. § 1920; NECivR 54.1, the Court may include "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys" as part of a fee award. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (per curiam).

The plaintiffs have not argued attorneys ordinarily charge marriage-license fees to their clients or otherwise explained why the Court should include that expense in the fee award in this case. Moreover, obtaining a marriage license is merely a condition precedent to any marriage ceremony. Accordingly, the plaintiffs' request for this cost is denied.

---

[4]If the plaintiffs have not already submitted a bill of costs under NECivR 54.1, those costs may be waived as untimely. *See* NECivR 54.1(d).

Gooch's travel expenses, on the other hand, are clearly the kind of expenses attorneys normally charge to clients. *See Williams v. ConAgra Poultry Co.*, 113 Fed. App'x 725, 728 (8th Cir. 2004) ("We note that travel expenses for attorneys . . . are more properly characterized as part of an attorney's fees award, which may include expenses that a law firm normally would bill to its client."). The Court will include those expenses in the fee award, as reflected in the table below.

### D. Attorney Fees Calculation

Based on the rulings of this Court, the Court finds the plaintiffs are entitled to the following fee award:

| Miller's Attorney Fees | | | |
|---|---|---|---|
| Dates | Hours | CJA Rate times 150 percent | **Total** |
| May 5, 2017, through March 22, 2018 | 5.7 hours | $198 | $1,128.60 |
| March 23, 2018, through February 14, 2019 | 13.8 hours | $210 | $2,898.00 |
| February 15, 2019, through present | 18.7 hours | $222 | $4,151.40 |
| **Miller's Total:** | | | **$8,178.00** |
| Gooch's Attorney Fees | | | |
| Dates | Hours | CJA Rate times 150 percent | Total |
| May 5, 2017, through March 22, 2018 | 83.3 hours | $198 | $16,493.40 |
| March 23, 2018, through February 14, 2019 | 109.6 hours | $210 | $23,016.00 |
| February 15, 2019, through present | 115.6 hours | $222 | $25,663.20 |
| **Gooch's Total:** | | | **$65,172.60** |

| Gooch's Travel Expenses | | | |
|---|---|---|---|
| Dates | Mileage | CJA Rate[5] | Total |
| November 17, 2017 | 114 | .535 | $60.99 |
| July 17, 2018 | 114 | .545 | $62.13 |
| January 2, 2019, through February 4, 2019 | 566 | .58 | $328.28 (plus $16.25 in parking) |
| **Travel Expenses Total:** | | | **$467.65** |
| | | | |
| **TOTAL ATTORNEY FEES:** | | | **$73,818.25** |

The Court finds the plaintiffs are entitled to attorney fees in the amount of $73,818.25. Accordingly,

IT IS ORDERED:

1. Plaintiffs Paul Gillpatrick and Niccole Wetherell's Request for Attorney Fees and Request for Taxable Costs (Filing No. 60) is granted in part and denied in part.

    a. The plaintiffs are awarded attorney fees against defendants Scott Frakes, Michele Capps, and Angela Folts-Oberle in the amount of $73,818.25.

    b. The plaintiffs' request for taxable costs is denied.

    c. The plaintiffs' requests are denied in all other respects.

2. A separate judgment will issue.

Dated this 21st day of August 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[5]The Court, like Gooch, applies the CJA mileage rate, that is, the rate prescribed for federal judiciary employees. *See* JNET, Mileage Rates, available at http://jnet.ao.dcn/financial-management/travel/mileage-rates.