IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GILLPATRICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT FRAKES, MICHELE CAPPS, and ANGELA FOLTS-OBERLE,<br><br>　　　　　Defendants. | 4:18CV3011<br><br>MEMORANDUM<br>AND ORDER |

　　This matter is before the Court on remand after the Eighth Circuit vacated this Court's merits decision from June 7, 2019 (Filing No. 56) ("merits decision"). The Eighth Circuit vacated that decision, finding it moot due to the death of then-plaintiff Niccole Wetherell ("Wetherell").[1] *See Gillpatrick v. Frakes*, 997 F.3d 1258, 1259 (8th Cir. 2021) ("The 'happenstance' of Wetherell's death moots the appeal of the merits judgment, so vacatur of it is appropriate."). The Eighth Circuit noted that "the parties dispute whether the merits judgment's mootness affects the district court's attorney's fees judgment" and remanded the case to have this Court answer that question. *Id.* For the reasons stated below, the Court finds Paul Gillpatrick ("Gillpatrick") is a prevailing party and awards him attorney fees.

**I.　BACKGROUND**

　　When this suit began, Gillpatrick and Wetherell were both state prisoners serving lengthy sentences in separate correctional centers in Nebraska. Gillpatrick and Wetherell made repeated requests to marry, but all their requests were rejected, in part because neither could be transported to another correctional facility for security reasons. After exhausting

---

[1]*See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

their available administrative remedies, Gillpatrick and Wetherell sued in Nebraska state court, requesting an electronic wedding ceremony via Skype (or another similar videoconferencing application). That case made its way to the Nebraska Supreme Court, but it was reversed and remanded on procedural grounds, with instructions to vacate. *See Gillpatrick v. Sabatka-Rine*, 902 N.W.2d 115, 119 (Neb. 2017). Gillpatrick and Wetherell amended their complaint, and the defendants removed (Filing No. 1) it to this Court.

As more fully set forth in the merits decision, Gillpatrick and Wetherell and the defendants moved for summary judgment, which the Court granted in part and denied in part. As relevant here, the Court (1) declared Nebraska Department of Correctional Service's Policy Number 205.04 ("Policy Number 205.04") facially unconstitutional under *Turner v. Safley*, 482 U.S. 78 (1987), (2) permanently enjoined the defendants and their successors and designees from denying Gillpatrick and Wetherell's request to participate in an e-wedding ceremony, (3) awarded Gillpatrick and Wetherell taxable costs against the defendants, and (4) directed Gillpatrick and Wetherell to submit a request for attorney fees.

Gillpatrick and Wetherell submitted a request for $116,742.50 in attorney fees and $2,749.43 in "taxable costs." Finding that they prevailed in federal litigation because they "received their requested relief of an order requiring the defendants to allow [Gillpatrick and Wetherell] to participate in an e-wedding ceremony," the Court awarded (Filing No. 73) them reasonable attorney fees pursuant to 42 U.S.C. §§ 1988(b) and 1977e(d) in the amount of $73,818.25 ("attorney-fee decision").

In the interim, the defendants filed a Motion to Stay (Filing No. 65) the Court's merits decision pending appeal. The defendants noted that Gillpatrick and Wetherell did not oppose a stay pending appeal to "maintain the status quo" until the matter could be "fully adjudicated on appeal." Gillpatrick maintains he did not oppose the stay because "[w]ithout the stay, Gillpatrick and Wetherell would have been entitled to an immediate e-wedding ceremony and such a ceremony would most certainly have mooted the appeal

2

sought by Frakes." The Court granted the stay (Filing No. 68) on July 2, 2019, approximately three weeks after it entered the merits decision.

The defendants appealed the merits decision and attorney-fees decision, and shortly thereafter, they slightly modified Policy Number 205.04 by adding the language, "recognized under state law." The defendants argue the amended policy language would "continue[] to bar [Gillpatrick and Wetherell's] request for an e-wedding ceremony" and mooted the declaratory judgment. After both parties submitted briefing to the Eighth Circuit, Gillpatrick notified that court that Wetherell unexpectedly died. The Eighth Circuit ordered the parties to submit further briefing on the effect of Wetherell's death. In its final decision, the Eighth Circuit explained that Wetherell's death mooted the merits decision but did not decide whether the mootness would impact the attorney-fees decision. *See Gillpatrick*, 997 F.3d at 1260. It remanded the case "for further proceedings consistent with [its] opinion." *Id.*

## II. DISCUSSION
### A. Prevailing-Party Status

The primary dispute is whether the mooted merits decision impacts the attorney-fees award. More specifically, the issue is whether Gillpatrick is still a "prevailing party" under 42 U.S.C. § 1988. ("[T]he court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs."). When "the underlying action has been dismissed as moot on appeal, the propriety of an award of attorney's fees under 42 U.S.C. § 1988 turns on a determination of whether the plaintiff can be considered to have been a 'prevailing party' in the underlying action in the district court." *Bishop v. Comm. on Pro. Ethics & Conduct of Iowa State Bar Ass'n*, 686 F.2d 1278, 1290 (8th Cir. 1982).

A "prevailing party" is "'one who has been awarded some relief by the court,' which has created a 'material alteration of the legal relationship of the parties.'" *Libertarian Party of Ark. v. Martin*, 876 F.3d 948, 952 (8th Cir. 2017) (quoting *Buckhannon Bd. & Care*

3

*Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001)). In a case where the merits judgment has been rendered moot, courts examine whether any "material alteration in the legal relationship between the parties" occurred "*prior* to the intervening act of mootness." *Id.* (quoting *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009) (collecting cases)). "Enforceable judgments on the merits and consent decrees create the requisite material alteration in the parties' legal relationship to achieve prevailing party status." *Advantage Media, LLC v. City of Hopkins*, 511 F.3d 833, 837 (8th Cir. 2008). An award of declaratory relief and deeming a statue unconstitutional or imposing an injunction, even if later declared moot, can be sufficient to establish prevailing-party status. *See*, *e.g.*, *Libertarian Party of Ark.*, 876 F.3d at 952 (finding "[t]he Libertarian Party was the prevailing party in this case because the district court awarded it declaratory relief and deemed the statutory scheme unconstitutional," and so it obtained "a material alteration in its legal relationship with the Secretary of State, prior to the legislative action that rendered its lawsuit moot"); *see also Bishop*, 686 F.2d at 1291 (finding an award of declaratory and injunctive relief established prevailing-party status despite mootness on appeal).

The defendants argue Gillpatrick did not obtain the necessary "material alteration" in their legal relationship because Gillpatrick "never obtained the outcome he sought." That is, Gillpatrick and Wetherell never got married. Although mootness pending appeal does not necessarily prevent a party who secured a favorable judgment in the district court from collecting attorney fees, *see Libertarian Party of Ark.*, 876 F.3d at 952, the defendants argue the stay issued in this case adversely affects Gillpatrick's prevailing-party status. In support, the defendants point to *Doe v. Nixon*, 716 F.3d 1041, 1045-46 (8th Cir. 2013).

In *Doe*, the district court granted a preliminary injunction that would have prevented the enforcement of a statute prohibiting certain sexual offenders from participating in activities involving children on Halloween. *See* Mo. Rev. Stat. § 589.426 (hereinafter, "Halloween statute"). The Halloween statute *only* applied "on October thirty-first of each

4

year." *Id.* The district court granted the plaintiffs' preliminary injunction on October 27, 2008, but the Eighth Circuit stayed that decision on October 30, 2008, one day before the preliminary injunction could have had any affect. *Doe*, 716 F.3d at 1045. By November 1, 2008, the case was moot. *Id.* Because the preliminary injunction was never in force due to the nature of the Halloween statute, the Eighth Circuit determined the plaintiffs were not "prevailing parties" because they merely achieved "'a transient victory at the threshold of an action'" and "their initial success [was] undone without a change in the parties' legal relationship." *Id.* at 1049 (quoting *Sole v. Wyner*, 551 U.S. 74, 78 (2007)).

The same is not true for Gillpatrick, who obtained a permanent injunction and declaratory relief. Even though the unopposed stay impacted Gillpatrick and Wetherell's ability to marry, the merits decision was in force for three weeks prior to the imposition of the stay and did change the parties' legal relationship. *See, e.g. Libertarian Party of Ark.*, 876 F.3d at 952-53 (finding the district court's decision awarding the plaintiff declaratory relief and deeming a statute unconstitutional created "a material alteration in its legal relationship with the [defendant]," even though the statute was changed, mooting the appeal); *Bishop*, 686 F.2d at 1290 ("Even preliminary or temporary relief granted by the district court may be sufficient to make a plaintiff a 'prevailing party' under section 1988."). Unlike *Doe*, in which it was impossible for the plaintiffs to realize any benefit from their temporary victory prior to the stay, Gillpatrick and Wetherell *could* have gotten married during the three-week period between the entry of the merits decision and the stay order.

In response, the defendants still maintain Gillpatrick and Wetherell did not realize any benefit from the district court's merits decision during those three weeks because the defendants "continued to prevent [Gillpatrick and Wetherell] from proceeding with their desired wedding ceremony." If true, preventing their marriage would appear to be in direct violation of the Court's order. Relying on their apparent non-compliance with the merits decision does not help them here. Although Gillpatrick and Wetherell did not actually get

5

married, their success in obtaining a permanent injunction and declaratory relief provided them with an opportunity to do so, even if only temporarily. *See Planned Parenthood Great Plains v. Williams*, 863 F.3d 1008, 1012 (8th Cir. 2017) (finding the plaintiff who successfully obtained a permanent injunction but was unable to achieve its ultimate goal—finding a new physician for its clinic—before the claim became moot was a prevailing party entitled to attorney fees). The Court concludes Gillpatrick is a prevailing party under 42 U.S.C. § 1988.

### B. Awarding Attorney Fees

The defendants alternatively argue that if the Court finds Gillpatrick is a prevailing party, the Court should award Gillpatrick "far less than the $73,000-plus he seeks." As they see it, his success was merely "technical," citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992), for support. In *Farrar*, the Supreme Court decided that a plaintiff who was awarded $1 in nominal damages on a claim for $17 million dollars in compensatory damages was a prevailing party but not entitled to attorney fees. *Id.* It is difficult to see any similarities between *Farrar* and this case.

In similar cases where a merits judgment was mooted, the Eighth Circuit has not found a prevailing party's success—even if limited—to be "so technical" as to render the amount of attorney fees unreasonable. *See Planned Parenthood Great Plains*, 863 F.3d at 1012; *see also Libertarian Party of Ark.*, 876 F.3d at 952-53 (finding the case moot on appeal but affirming the district court's award of costs and attorney fees). Upon careful review, the Court finds that the death of Wetherell and subsequent mootness of the merits decision does not make its prior award of $73,818.25 unreasonable.

Accordingly,

IT IS ORDERED:
1. Plaintiff Paul Gillpatrick is awarded attorney fees and costs in the amount of $73,818.25.
2. A separate judgment will issue.

Dated this 18th day of August 2021.

BY THE COURT:

*Robert F. Rossiter, Jr.*

Robert F. Rossiter, Jr.
Chief United States District Judge